UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEGAN CARVINIS,

    Plaintiff,

v.                                                      CASE NO.: 8:22-cv-2393

HAIR SOLUTIONS OF TAMPA, INC., and
SHANNON SORBARA

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MEGAN CARVINIS, (hereinafter "Plaintiff" or "Ms. Carvinis"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, HAIR SOLUTIONS OF TAMPA, INC., (hereinafter "HAIR SOLUTIONS"), and SHANNON SORBARA, (hereinafter "Ms. Sorbara"), and states the following:

**NATURE OF ACTION**

1.    Plaintiff brings this action against the Defendants, her former employers, for failure to pay Plaintiff's wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 – 219 ("FLSA"), the Florida Minimum Wage Act, Fla. Stat. § 448.10, and for breach of contract and for a Declaratory Judgment regarding the waiver of restrictive covenants in said contract.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. §1343, and 29 U.S.C. § 216(b).

3. The Court has personal jurisdiction over this action because HAIR SOLUTIONS is principally located in Hillsborough County, Florida, and the damages at issue occurred in Hillsborough County, Florida.

4. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2) because all events giving rise to these claims occurred within this judicial district and Defendants employed Plaintiff at a location within this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff was and continues to be a resident of Hillsborough County, Florida, in the Middle District of Florida.

6. HAIR SOLUTIONS is a For Profit Corporation organized under the laws of Florida and operates a business in Hillsborough County, Florida, located at 2024 W Cleveland Street, Tampa, FL 33606.

7. At all times material hereto, Defendant, Shannon Sorbara, was a resident of Hillsborough County, Florida, in the Middle District of Florida.

8. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

## ALLEGATIONS OF FACT

10. On or around July 28, 2021, Ms. Carvinis entered an Employment Agreement (hereinafter "Agreement") with Defendants. The Agreement contained Non-Competition and Non-Interference provisions. The Agreement is attached as Exhibit "A."

11. Under the Agreement, Ms. Carvinis earned $16 an hour for each hour worked.

12. Under the Agreement, Ms. Carvinis was entitled to up to 5 days of paid vacation and 5 days of sick leave, totaling 10 days of paid time off ("PTO") a year.

13. After Ms. Carvinis started, Defendants changed the policy from 10 days of PTO to 8 days of PTO in September of 2021.

14. In January of 2021, Defendant developed Covid-19 and requested to use PTO for January 7, 11, 12, 13 and 14 of 2022.

15. However, Defendants never paid Ms. Carvinis $128 for the 8 hours of PTO that she took on January 14, 2022.

16. On January 19, 2022, Defendants terminated Ms. Carvinis' employment at HAIR SOLUTIONS.

17. On or around February 9, 2022, Defendants offered Ms. Carvinis a final paystub of $844.81, contingent upon Ms. Carvinis signing away her right to pursue a claim for unemployment compensation. More, the paystub failed to include 8 hours of sick leave from January 14, 2022, which was worth $128.

18. Defendants withheld Ms. Carvinis' final paycheck and she was never paid for $972.82 in earned wages from the pay period of January 16, 2022, to January 29, 2022, ($844.81 of unpaid wages from seven days of work and $128 of sick leave).

19. Additionally, Defendants told Ms. Carvinis that she may not return to HAIR SOLUTIONS to pick up her table, tablecloth, apron, glue gun, glue sticks, three LED lights, two pairs of sheers, two crochet pumpkins, and all other belongings of Ms. Carvinis, (hereinafter collectively referred to as "belongings"). Instead, Defendants agreed to ship the belongings to Ms. Carvinis. However, to date, Ms. Carvinis has not received any of her items.

20. Plaintiff has incurred attorney's fees and costs in bringing this lawsuit.

## COUNT I
**Unpaid Wages Under the FLSA (Defendant, HAIR SOLUTIONS)**

21. Ms. Carvinis incorporates by reference the allegations set forth in paragraphs one (1) through twenty (20) above.

22. HAIR SOLUTIONS was an employer of Ms. Carvinis within the meaning of the FLSA.

23. Ms. Carvinis was an employee of HAIR SOLUTIONS within the meaning of the FLSA and, while so employed, was engaged in commerce. 29 U.S.C. § 202(a) and 29 C.F.R. § 552.99.

24. HAIR SOLUTIONS' annual gross revenue exceeded $500,000.00 in the year preceding nonpayment.

25. Ms. Carvinis was employed by HAIR SOLUTIONS within the three-year period immediately preceding the filing of this action.

26. HAIR SOLUTIONS agreed to pay Ms. Carvinis on a biweekly basis.

27. HAIR SOLUTIONS employed Ms. Carvinis to work but failed to compensate her in accordance with the requirements provided in the FLSA.

28. Plaintiff was entitled to be paid at the rate of $16 per hour for all hours worked or hours taken for sick leave.

29. HAIR SOLUTIONS knew or should have known that Ms. Carvinis was entitled to receive compensation at $16 for all hours worked. Despite this fact, HAIR SOLUTIONS failed and refused to pay Ms. Carvinis for the hours she worked during the pay period of January 16, 2022, to January 29, 2022.

30. As a consequence of HAIR SOLUTIONS' FLSA violation, Ms. Carvinis is entitled to $16 per hour for all hours worked while she was employed by HAIR SOLUTIONS and for which she was not paid her earned wages.

31. HAIR SOLUTIONS' actions complained of herein were deliberate, willful, and without good faith or any legal justification within the meaning of 29 U.S.C. Section 216(b).

**WHEREFORE**, Plaintiff, Megan Carvinis, requests the following relief:

(a) That the Court find HAIR SOLUTIONS in violation of the FLSA;

(b) That the Court find that HAIR SOLUTIONS' violation was willful;

(c) That the Court award Ms. Carvinis compensation for the unpaid wages referenced in this lawsuit AND liquidated damages of an equal amount of the unpaid wages, in addition to penalties and interest on said award pursuant to 29 U.S.C. § 216;

(d) That the Court award Ms. Carvinis reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216; and

(e) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT II
**Unpaid Wages Under the FLSA (Defendant, SHANNON SORBARA)**

32. Ms. Carvinis incorporates by reference the allegations set forth in paragraphs one (1) through twenty (20) above.

33. Ms. Sorbara was an employer of Ms. Carvinis within the meaning of the FLSA.

34. Ms. Carvinis was an employee of Ms. Sorbara within the meaning of the FLSA and, while so employed, was engaged in commerce. 29 U.S.C. § 202(a) and 29 C.F.R. § 552.99.

35. Ms. Sorbara owned and operated HAIR SOLUTIONS, a business whose annual gross revenue exceeded $500,000.00.

36. Ms. Carvinis was employed by HAIR SOLUTIONS within the three-year period immediately preceding the filing of this action.

37. Ms. Sorbara acted as the Owner Operator of HAIR SOLUTIONS for the entire time Plaintiff worked for HAIR SOLUTIONS.

38.  As Owner Operator of HAIR SOLUTIONS, Ms. Sorbara was solely responsible for hiring and firing employees, controlling work schedules, determining employee salaries, and making payroll decisions for all employees.

39.  As Owner Operator of HAIR SOLUTIONS, Ms. Sorbara agreed to pay Ms. Carvinis on a biweekly basis.

40.  As Owner Operator of HAIR SOLUTIONS, Ms. Sorbara employed Ms. Carvinis to work but failed to compensate her in accordance with the FLSA.

41.  As Owner Operator of HAIR SOLUTIONS, Ms. Sorbara failed to pay Ms. Carvinis her final paycheck for the hours she worked during the pay period of January 16, 2022, to January 29, 2022,.

42.  As Owner Operator, Ms. Sorbara knew or should have known that Ms. Carvinis was entitled to receive compensation at $16 per hour for all hours worked. Despite this fact, Ms. Sorbara failed and refused to pay Ms. Carvinis at the requisite minimum wage rate for the period of time referenced in this lawsuit.

43.  As a consequence of Ms. Sorbara's FLSA violation, Ms. Carvinis is entitled to compensation for all hours worked for each week she was employed by Ms. Sorbara and for which she was not paid her earned wages.

44.  Ms. Sorbara's actions complained of herein were deliberate, willful, and without good faith or any legal justification within the meaning of 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, MEGAN CARVINIS, requests the following relief:

(a)  That the Court find Ms. Sorbara in violation of the FLSA;

(b)  That the Court find that Ms. Sorbara's violation was willful;

(c) That the Court award Ms. Carvinis compensation for the unpaid wages referenced in this lawsuit AND liquidated damages of an equal amount of the unpaid wages, in addition to penalties and interest on said award pursuant to 29 U.S.C. § 216;

(d) That the Court award Ms. Carvinis reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216; and

(e) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT III
### Florida Minimum Wage, Fla. Stat 448.10 (Defendant, HAIR SOLUTIONS)

45. Ms. Carvinis realleges and readopts the allegations of paragraphs one (1) through twenty (20) of this Complaint, as though fully set forth herein.

46. During the statutory period, Ms. Carvinis worked for HAIR SOLUTIONS, and she was not paid the applicable federal minimum wage for the hours that he worked, as mandated by the Florida Minimum Wage, Fla. Stat. § 448.110.

47. Plaintiff has performed all necessary presuit requirements in bringing this lawsuit.

48. HAIR SOLUTIONS failed to compensate Ms. Carvinis at a rate that was at least equal to the applicable state minimum wage.

49. Because this reckless practice violates the provisions of Flat. Stat. § 448.110, Ms. Carvinis is entitled to an amount equal to her unpaid minimum wages as liquidated damages.

50. All of HAIR SOLUTIONS' conduct, as alleged and described above, constitutes a willful violation of Fla. Stat. § 448.110.

51. As a result of the foregoing, Ms. Carvinis has suffered damages.

**WHEREFORE**, Plaintiff, MEGAN CARVINIS, demands:

(a) Judgement against HAIR SOLUTIONS for an amount equal to the unpaid minimum wages of Ms. Carvinis.

(b) Judgement against HAIR SOLUTIONS for an amount equal to the unpaid back wages of Ms. Carvinis as liquidated damages.

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as this Court deems just and equitable.

## COUNT IV
**Breach of Contract Under Florida Common Law (Defendant, HAIR SOLUTIONS)**

52. Ms. Carvinis realleges and readopts the allegations of paragraphs one (1) through twenty (20) of this Complaint, as though fully set forth herein.

53. Ms. Carvinis worked for HAIR SOLUTIONS under an Agreement whereby HAIR SOLUTIONS would pay Ms. Carvinis $16 an hour for each hour worked and for each hour taken as sick pay up to 10 hours in a calendar year.

54. In September of 2021, after Ms. Carvinis had worked over a month at HAIR SOLUTIONS, HAIR SOLUTIONS changed the policy to 8 days of PTO.

55. HAIR SOLUTIONS agreed to pay Ms. Carvinis for any unused PTO days she had remaining at the end of 2021.

56. HAIR SOLUTIONS failed to compensate Ms. Carvinis for the 8 hours of PTO taken which she used on January 14, 2022.

57. HAIR SOLUTIONS also failed to compensate Ms. Carvinis for all wages owed to Plaintiff from her final paycheck.

58. HAIR SOLUTIONS' breach of contract caused Ms. Carvinis to suffer damages in the form of unpaid wages in the amount of $972.81 ($844.81 of unpaid wages and $128 of unpaid sick leave).

**WHEREFORE**, Plaintiff, MEGAN CARVINIS, requests the following relief:

(a) That the Court find that HAIR SOLUTIONS breached its contract with Ms. Carvinis by failing to pay Ms. Carvinis' earned wages;

(b) That the Court award damages to Ms. Carvinis equal to Ms. Carvinis' unpaid wages.

(c) That the Court award attorney's fees and costs under Fla. Stat. § 448.01.

(d) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT V
**Declaratory Action Regarding the Enforceability of Restrictive Covenants in Plaintiff's Contract with Defendant (Defendant, HAIR SOLUTIONS)**

59. Ms. Carvinis realleges and readopts the allegations of paragraphs one (1) through twenty (20) of this Complaint, as though fully set forth therein.

60. Ms. Carvinis and HAIR SOLUTIONS executed an Employment Agreement on July 28, 2021.

61. Defendant, HAIR SOLUTIONS, breached the Agreement when it denied her PTO and refused payment of earned wages contained in the contract.

62. HAIR SOLUTIONS' breach of its agreement voided the Non-Compete Agreement.

63. Alternatively, the Non-Compete Agreement is void because it is not supported by a legitimate business interest.

64. Ms. Carvinis seeks a declaratory judgment from this Court stating that the "Non-Compete" component of the Agreement entered into between Ms. Carvinis and HAIR SOLUTIONS on July 28, 2021, in the Employment Agreement is void and unenforceable.

**WHEREFORE**, Plaintiff, MEGAN CARVINIS, requests the following relief:

(a) That the Court find that all Restrictive Covenants in including the Employment Agreement's, Non-Compete and Non-Interference, provisions are void and unenforceable;

(b) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT VI
### Right of Replevin, Fla. Stat. § 78.01 (Defendants, HAIR SOLUTIONS and SHANNON SOBRARA)

65. Ms. Carvinis realleges and readopts the allegations of paragraphs one (1) through twenty (20) of this Complaint, as though fully set forth herein.

66. After terminating Ms. Carvinis, HAIR SOLUTIONS told Ms. Carvinis not to return to the salon to retrieve her belongings. Instead, Defendants agreed to ship Ms.

Carvinis' belongings to her. However, to date, Ms. Carvinis has not received any of her items.

67. Upon information and belief, Defendants hold the wrongfully detained property in its possession and under its dominion at 2024 W Cleveland Street, Tampa, FL 33606.

68. Ms. Carvinis is entitled to possession of the wrongfully detained property because she is the rightful and lawful owner of her belongings.

69. The claimed personal property has not been taken by any tax, assessment, or fine pursuant to law.

70. The claimed personal property has not been taken under any execution or attachment against Ms. Carvinis' property.

**WHEREFORE**, Plaintiff, MEGAN CARVINIS, requests:

(a) That this Court issue a writ of replevin against Defendants requiring the return of her table, tablecloth, apron, glue gun, glue sticks, three LED lights, two pairs of sheers, two crochet pumpkins, and all other belongings;

### COUNT VII
### Conversion of Plaintiff's Belongings (Defendants, HAIR SOLUTIONS and SHANNON SORBARA)

71. Ms. Carvinis realleges and readopts the allegations of paragraphs one (1) through twenty (20) of this Complaint, as though fully set forth herein.

72. Ms. Carvinis has ownership and the right to possession over her table, tablecloth, apron, glue gun, glue sticks, three LED lights, two pairs of sheers, two crochet pumpkins, and all other belongings.

73. After terminating Ms. Carvinis, HAIR SOLUTIONS told Ms. Carvinis not to return to the salon to retrieve her belongings. Instead, Defendants agreed to ship Ms. Carvinis' belongings to her. However, to date, Ms. Carvinis has not received any of her items.

74. Defendants have acted with wrongful dominion over Ms. Carvinis' belongings.

75. Ms. Carvinis has demanded Defendants return her belongings and Defendants have refused.

76. Ms. Carvinis has been damaged by Defendants' actions, which were knowingly, willful, wanton and malicious.

**WHEREFORE**, Plaintiff, MEGAN CARVINIS, requests:

(a) That this Court enter a judgement against Defendants awarding Ms. Carvinis compensatory damages equal to the value of the property in question;

(b) That this Court grant any prejudgment and post-judgment interest; and

(c) That this Court grant such additional relief as may be necessary or that the Court may deem appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 18th day of October 2022.

Respectfully submitted,

>  */s/ Gary L. Printy, Jr., Esq*
> Gary L. Printy, Jr., Esq.
> Florida Bar No. 41956
> **PRINTY & PRINTY, P.A.**
> 3411 W. Fletcher Ave., Suite A
> Tampa, Florida 33618
> Telephone (813) 434-0649
> FAX (813) 423-6543
> garyjr@printylawfirm.com
> ***Attorney for Plaintiff***